UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

C.P., by and through his mother, )
MARILYN POWELL, *pro se*, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　)
v. ) No.: 3:09-CV-277
　　) (VARLAN/SHIRLEY)
BLOUNT COUNTY JUVENILE )
DETENTION CENTER, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant. )

# MEMORANDUM OPINION

This civil action is before the Court on defendant Blount County Juvenile Detention Center's Motion to Dismiss [Doc. 6], in which defendant moves the Court to dismiss plaintiff's *pro se* complaint [Doc. 3] brought pursuant to 42 U.S.C. § 1983 because defendant is not a "person" which can be sued under § 1983 and therefore the complaint fails to state a claim for which relief can be granted. Plaintiff has responded in opposition [Doc. 8], asserting that defendant is a "suitable entity within the meaning of 42 U.S.C. § 1983." [*Id.*] Defendant has not filed a reply and the time for doing so has passed. *See* L.R. 7.1(a), 7.2. The matter is ripe for determination.

Pursuant to 42 U.S.C. § 1983, plaintiff, proceeding *pro se*, brought this civil rights action against defendant alleging that her son, CP, was discriminated against by defendant because of his disability and race [Doc. 2, p. 2]. Plaintiff also alleges that defendant violated the due process rights of both plaintiff and CP by "adopting a policy for locking CP down

because he has a disability and defending himself from a white male detainee . . . ." [*Id.*]. Defendant is the only defendant named by plaintiff [*see* Doc. 3].

As an initial matter, the Court notes that it is mindful that a complaint filed by a *pro se* plaintiff is to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he or she was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). However, defendant is not a legal entity amendable to suit under 42 U.S.C. § 1983 because it is not a "person" within the meaning of § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 688-90 (1978) (describing the meaning of "persons" under 42 U.S.C. § 1983); *Cage v. Kent County Corr. Facility (Jail)*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997).

Defendant is not a municipality or a part of a local government, but rather, a name—Blount County Juvenile Detention Center—assigned to a building in Blount County which houses juvenile inmates, and, as such, is not a separate legal entity which can be sued under 42 U.S.C. § 1983. Thus, defendant is not a "person" within the meaning of 42 U.S.C. § 1983. *See Shoemaker v. Greene County "Jail" Detention Center*, No. 2:07-CV-124, 2007 WL 2159295, at * 1 (E.D. Tenn. July 26, 2007) ("The Greene County 'Jail' Detention Center is a building and not a 'person' who can be sued under § 1983."); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail . . . is not a suable entity within the meaning of § 1983.").

Accordingly, and for the reasons stated herein, the Court finds that defendant's Motion to Dismiss [Doc. 6] is well-taken and it is hereby **GRANTED**. Because it is quite clear that plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 because plaintiff has not sued a legal entity subject to suit under this civil rights statute, this case is hereby **DISMISSED**. The clerk is **DIRECTED** to close this case.

An appropriate order will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE